United States District Court
Southern District of Texas
**ENTERED**
January 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:16-CR-114-1 |
| | § | CIVIL ACTION NO. 4:19-04629 |
| | § | |
| NKIRU IBEABUCHI | | |

## MEMORANDUM AND ORDER

This case is before the Court on Nkiru Ibeabuchi's motion to vacate, correct, or set aside her sentence, and the United States' motion to dismiss Ibeabuchi's motion. Having carefully considered the motions, all the arguments and authorities submitted by the parties, and the record, the Court is of the opinion that the government's motion should be granted and Ibeabuchi's motion should be dismissed.

### I.  Background

Ibeabuchi pled guilty to one count of conspiracy to commit healthcare fraud, one count of conspiracy to pay healthcare kickbacks, and two counts of aiding and abetting healthcare fraud. On January 10, 2018, this Court sentenced her to a 61-month term of imprisonment, three years of supervised release, and ordered her to pay a $400 special assessment, and to make restitution in the amount of $1,300,035.46 jointly and severally with her co-defendant. Judgment (Doc. # 146). On February 6, 2018, her counsel filed a Notice of Appeal. Doc. # 152. On March 20, 2018, the Fifth Circuit dismissed the appeal because Ibeabuchi failed to file transcript order forms or make financial arrangements with the court reporter. Doc. # 165. On November 14, 2019, Ibeabuchi

signed her motion to vacate. Doc. # 184 at 13. This is the earliest possible date on which she could have placed the motion in the prison mail system, and thus the earliest date on which it can be deemed filed.

## II.    Analysis

Under 28 U.S.C. § 2255(f), Ibeabuchi one year in which to file her motion. The statute of limitations began to run on "the date on which the judgment of conviction bec[ame] final." *Id.*

Ibeabuchi's conviction became final on June 18, 2018, 90 days after her appeal was dismissed, when here time to petition for a writ of *certiorari* expired. She had until June 18, 2019 to file her motion, absent tolling. Ibeabuchi acknowledges that her motion, filed in November 2019, is untimely, but argues that she is entitled to equitable tolling because her counsel failed to file a notice of appeal and because she was unaware of the deadline for filing her § 2255 motion.

"Equitable tolling is permitted only in rare and exceptional circumstances. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)(internal quotation marks and citation omitted). "Rare and exceptional circumstances" exist when a petitioner is actively misled by the state or prevented in some extraordinary way from asserting her rights. "But, a garden variety claim of excusable neglect by the petitioner does not support equitable tolling." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (internal quotation marks and citation omitted). Moreover, the Fifth Circuit has held that equitable tolling is not warranted on the basis of a petitioner's *pro se* status. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)

(holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing an abuse of the writ).

Ibeabuchi's contention that her trial counsel failed to file a notice of appeal is false. The record contains a timely notice of appeal signed by counsel. Doc. # 152. To the extent that she means to argue that she was unaware that counsel did not file anything beyond the notice, the argument is unavailing. The Fifth Circuit dismissed the appeal on March 20, 2018. She does not contend that she was unaware of the dismissal, and the dismissal put her on notice that nothing further would happen in her appeal.

That leaves Ibeabuchi with her argument that she was unaware of relevant deadlines. This amounts to an argument that the statute of limitations should be tolled because she was representing herself. As noted above, the Fifth Circuit has held that neither her *pro se* status nor her ignorance of deadlines justifies equitable tolling. Her motion is therefore time barred.

### III.   Certificate of Appealability

Ibeabuchi has not requested a certificate of appealability ("COA"), but this court may determine whether she is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898(5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See*

*Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the movant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A movant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the motion and concludes that jurists of reason would not find it debatable that it is time-barred. Therefore, Ibeabuchi has failed to make a "substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), and she is not entitled to a certificate of appealability.

**IV.** **Order**

For the foregoing reasons, it is ORDERED as follows:

1. The government's Motion to Dismiss (Doc. # 197) is GRANTED;

2. Nkiru Ibeabuchi's Motion to Vacate, Correct, or Set Aside her sentence (Doc. # 184) is DENIED and is DISMISSED WITH PREJUDICE; and

3. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on this 14th day of January, 2021.

_____
Kenneth M. Hoyt
United States District Judge